PENDLETON, President.
The Court doubt whether judgment creditors, or sureties, who are to be placed in their situation, are to be paid by priority, or rateably out of the general fund ? But they doubt also on a more important question, whether in this case, where equity is applied to, to distribute the funds of a living debtor, the legal preference of debts according to dignity, in distributing legal assets of the dead, ought to give the rule, or that of Chancery in the distribution of equitable assets ?
On these points, we wish to hear counsel.

Wickham.

The difference between this case, and that of Eppes v. Randolph is, that in this, some of the judgments have been completely satisfied; but in that, the bond was not discharged; for there was only a decree in Chancery, which had not been fully paid: So that Randolph’s representatives might have been sued upon the bond itself.

PER CUR.

The Court is of opinion, that the decree aforesaid is erroneous in this, that it directs the Commissioners of sale to assign bonds to such creditors who had incumbrances upon the lands by mortgages, and creditors by judgments allowing prior satisfaction to prior demands, leaving to the said Commissioners, the power of judging what was the force of the different incumbrances, and their operation upon the different funds, which should have been decided by the Court, and specific sums decreed to each claimant, to be paid out of his appropriate fund; that the claims ought to be adjusted upon the following principles, that is to say: The mortgage to William .Anderson is legally proved; but he appearing to be fully indemnified, except as to twenty shillings, that sum together with the money paid by John Woodson, another surety, to Charles Thompson, in part of his judgment, ought to be first paid out of the money for which the land conveyed by the said deed was sold; and the-residue of that sale to go into the general fund. That the mortgage to John Fox being for personals only, is of no consequence, but he is to be considered as in the place of William Johnston, who is a creditor by judgments. All the other conveyances stated in the record, not being proved and recorded according to law, are void as to creditors, and those meant to be benefitted thereby are to be considered as specialty creditors at large, except where they have judgments so as to be arranged in that class. That all the creditors, by judgment or decrees, ought to be paid out of the general fund, according to the priority of recovery, with this reservation, that when a prior creditor shall not have received his money of sureties, or sued out execution on his judgment within a year, he shall yield priority to subsequent judgments, on which executions shall have been so issued, or the money received of sureties. In both instances of the money paid by *289 sureties, as well as ia all other instances, sureties ought to be placed in the situation of the creditors they shall have paid, or he bound to pay. * That the remaining funds, if any, shall be distributed, pro rata, among the several creditors who have no lien upon the lands. And that the bond to Dorothy Johnston, appearing to be dated above twenty years before it was exhibited, is to he presumed paid, and rejected, unless William Johnston, having notice, shall give to the said Court of Chancery, satisfactory reasons to avoid the said presumption.† The decree, therefore, is to be reversed, and the Court proceeding to make such decree as the High Court of Chancery ought to have pronounced: Decrees, that the said Court of Chancery, after having directed a Commissioner to state the several claims of the parties, according to the principles of this decree, do direct specific sums to be paid to each claimant, and that the costs in the said Court be first paid out of the general fund.

[* Eppes v. Randolph, 2 Call, 188, and cases there cited.]

[† Eustace v. Gaskins, 1 Wash, 188; Hillary v. Waller, 12 Ves. jun. 266.]